1/16/2026 10:59 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-009963
Stephanie Garza

**CAUSE NO. D-1-GN-25-009963**

| | | |
|---|---|---|
| **CHRISTOPHER JACOBE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARY KATHRYN JACOBE, DECEASED, AND SAMANTHA JORDAN** | § | **IN THE DISTRICT COURT OF** |
| **VS.** | § | |
| **CAMP MYSTIC, LLC, MYSTIC CAMPS FAMILY PARTNERSHIP, LTD, NATURAL FOUNTAINS PROPERTIES, INC., WILLETTA EASTLAND, MYSTIC CAMPS MANAGEMENT, LLC, EDWARD EASTLAND, MARY LIZ. EASTLAND, AND THE ESTATE OF RICHARD G. EASTLAND** | § | **TRAVIS COUNTY, TEXAS** |
| | § | **455TH JUDICIAL DISTRICT** |

**INTERVENORS' ORIGINAL PETITION**

COME NOW, CHRISTOPHER JACOBE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARY KATHRYN ("MARY KATE") JACOBE, DECEASED AND SAMANTHA JORDAN, Intervenors herein, complaining of and against CAMP MYSTIC, LLC, MYSTIC CAMPS FAMILY PARTNERSHIP, LTD, NATURAL FOUNTAINS PROPERTIES, INC., WILLETTA EASTLAND, MYSTIC CAMPS MANAGEMENT, LCC, EDWARD EASTLAND, MARY LIZ EASTLAND, AND THE ESTATE OF RICHARD G. EASTLAND, and for cause of action would respectfully show unto the Court as follows:



Copy from re:SearchTX

## I. DISCOVERY CONTROL PLAN

1. In accordance with Rule 190.4 of the Texas Rules of Civil Procedure, discovery in this matter is intended to be conducted under Level III.

## II. PARTIES

2. Intervenors, Christopher Jacobe, Individually and as Personal Representative of the Estate of Mary Kathryn Jacobe "Mary Kate", Deceased, and Samantha Jordan are individuals residing in Harris County, Texas. Mary Kate Jacobe resided in Harris County, Texas at the time of her death. Christopher Jacobe and Samantha Jordan are the sole surviving heirs of Mary Kate Jacobe. No administration of Mary Kate Jacobe's estate is pending and none is necessary.



*Figure 1 Mary Kate Jacobe*



Copy from re:SearchTX

3. Defendant, Camp Mystic, LLC, is a Texas limited liability company duly licensed to do business in the State of Texas for the purpose of accumulating monetary profit. Camp Mystic, LLC has answered and made an appearance herein and therefore is being served with this petition pursuant to Rules 21 & 21a.

4. Defendant, Mystic Camps Family Partnership, Ltd., is Texas limited partnership duly licensed to do business in the State of Texas for the purpose of accumulating monetary profit. Mystic Camps Family Partnership, Ltd. has answered and made an appearance herein and therefore is being served with this petition pursuant to Rules 21 & 21a.

5. Defendant, Natural Fountains Properties, Inc. is a Texas corporation duly licensed to do business in the State of Texas for the purpose of accumulating monetary profit. Natural Fountains Properties, Inc. has answered and made an appearance herein and therefore is being served with this petition pursuant to Rules 21 & 21a.

6. Defendant, Mystic Camps Management, LLC, is a Texas limited liability company duly licensed to do business in the State of Texas for the purpose of accumulating monetary profit. Mystic Camps Management, LLC has answered and made an appearance herein and therefore is being served with this petition pursuant to Rules 21 & 21a.

7. Defendant, Willetta Eastland is an individual residing in Travis County, Texas, at 2404 Scenic Drive, Austin, Texas 78703. Defendant, Willetta Eastland has answered and made an appearance herein and therefore is being served with this petition pursuant to Rules 21 & 21a.



Copy from re:SearchTX

8. Defendant, Edward Eastland is an individual residing in the State of Texas. Edward Eastland has answered and made an appearance herein and therefore is being served with this petition pursuant to Rules 21 & 21a.

9. Defendant, Mary Liz Eastland is an individual residing in the State of Texas. Mary Liz Eastland has answered and made an appearance herein and therefore is being served with this petition pursuant to Rules 21 & 21a.

10. Defendant, George Albritton Eastland, as representative of the Estate of Richard G. Eastland, is an individual residing in the State of Texas. At the time of his death, Richard Eastland was a resident of Travis County, Texas, residing at 2404 Scenic Drive, Austin, Texas 78703. This Defendant has answered and made an appearance herein and therefore is being served with this petition pursuant to Rules 21 & 21a.

## III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction of this cause as the amount in controversy is in excess of the minimum jurisdictional limits of this Court. This Court has personal jurisdiction over the Defendants because Defendants reside and/or conduct substantial business within the State of Texas. Venue is proper in Travis County, Texas pursuant to the Texas Civil Practice and Remedies Code, Section 15.002(a)(2) because one or more Defendants are residents of Travis County, Texas. Specifically, Defendants Willetta Eastland and her late husband, Richard "Dick" Eastland are residents of Travis County, Texas. Additionally, Defendants Mystic Camps Family Partnership, Ltd and Mystic Camps Management, LLC maintain their principal offices in Travis County, Texas.



Copy from re:SearchTX

## IV. AGENCY/RESPONDEAT SUPERIOR

12. Whenever it is alleged in the Petition that the Defendants did any act or thing, it is meant that the Defendants' agents, servants, employees, parents, ostensible agents, agents by estoppel, and/or representatives did such act or thing, and at all times such act or thing was done with the full authorization of the Defendants or was done in the normal routine and course of the agency and/or employment of the Defendants.

## IV. ALTER EGO/JOINT ENTERPRISE

13. On information and belief, Defendants act as the alter ego of one another and/or operate as a single business enterprise such that their fictitious separateness should be disregarded. For this reason, Intervenors refer to "Defendants" herein as if each allegation is made against each Defendant individually and severally.

14. On information and belief, Defendants Camp Mystic, LLC and Natural Fountains Properties, Inc. are beneficially owned and managed by Mystic Camps Family Partnership LTD, and subsidiaries, and Richard G. Eastland, Willetta Eastland and the other individually named Eastland Defendants.

15. On information and belief, Intervenors allege that the Camp Mystic corporate entities (including Camp Mystic, LLC) are not separately capitalized, incorporated or maintained from the other Camp Mystic entities (Natural Fountains Properties, Inc.; Mystic Camps Family Partnership, Ltd.; Mystic Camps Management, LLC) or the individual Eastland Defendants (including Richard G. Eastland, Willetta Eastland, Edward Eastland, and Mary Liz Eastland). There are no formal barriers between the management of these



Copy from re:SearchTX

Camp Mystic entities and these individual Defendants. All corporate Defendants herein share common officers, directors, and business departments.

16. On information and belief, Mystic Camps Family Partnership, Ltd. or Mystic Camps Management, LLC is the ultimate parent company of all named Defendants herein and controls the internal business operations of each of its subsidiaries. Each one of the above companies is subject to the complete direction and control of the Individual Eastland Defendants such that this group of entities operates as a single business enterprise. The general public, vendors, and employees are not apprised of these entities' separateness to the extent they are even separate entities. On information and belief, these entities share books, accounts, and payroll services and are not independently capitalized units.

17. Furthermore, on information and belief, Richard G. Eastland and Willetta Eastland are the owners and executive directors of Camp Mystic Corporate Defendants. Edward and Mary Liz Eastland are the directors of Camp Mystic, Guadalupe branch where the flooding occurred. The Camp Mystic corporate entities are mere shams, organized and operated by the individual Eastland Defendants, in their individual capacities, to perpetuate a fraud upon Intervenors, other claimants, potential claimants, and other unsuspecting persons.

18. On information and belief, the Individual Eastland Defendants (Richard G., Willetta, Edward, and Mary Liz Eastland) are the alter ego of the Camp Mystic Corporate Defendants (Camp Mystic, LLC, Mystic Camps Family Partnership, Ltd., Mystic Camps Management, LLC, and Natural Fountains Properties, Inc.). The Individual Eastland Defendants organized the Camp Mystic Corporate Defendants in a way to limit their



Copy from re:SearchTX

potential liability and maximize their personal gains from the operation of those entities. The Individual Eastland Defendants commingle with the property of the Camp Mystic Corporate Defendants and use Camp Mystic Corporate Defendants (their property and other resources) for personal purposes.

19. The Individual Eastland Defendants so dominated and controlled the day-to-day operations of Camp Mystic Corporate Defendants that they are essentially one and the same as far as responsibility is concerned with regard to Intervenors' claims. To this end, Intervenors aver and allege that, upon information and belief, the Individual Eastland Defendants use the Camp Mystic Corporate Defendants and their corporate fictions as a means of evading existing, future, and past civil liabilities, namely civil liability for the negligence and gross negligence that lead to the death of Mary Kate Jacobe and many other young children at Camp Mystic on July 4, 2025. The Corporate Camp Mystic Defendant entities are intentionally operated by the Individual Eastland Defendants with inadequate capitalization. The corporate entities are undercapitalized to limit potential liability and avoid financial responsibility for the death of Mary Kate Jacobe and other deceased campers as result of the events of July 4, 2025. As a result, holding only the Camp Mystic Corporate Defendants responsible would result in injustice.

## V. FACTS

20. Drowning and near-drowning events are preventable tragic incidents, especially when they involve young children. Most drowning incidents can be prevented, but property owners and operators must take responsibility for the development and



Copy from re:SearchTX

implementation of drowning prevention strategies, evacuation plans, and life-saving procedures. Defendants failed to take appropriate action to avoid this foreseeable tragedy and as a result set the scene resulting in the tragic death of many, including Intervenors' 8-year-old child, Mary Kate.

21. Founded in 1926, Camp Mystic is a private nondenominational Christian all-girls summer camp in Hunt, Texas for girls aged 7 to 17. Spanning over 700 acres, Camp Mystic is located at the confluence of the South Fork Guadalupe River and Cypress Creek where flood waters converge and are known to many, including Defendants, as flash flood alley.

22. Since 1939, the camp has been operated by generations of the same family. Richard Eastland and his wife, Willetta Eastland, have run the camp since 1974 and were the executive directors of Camp Mystic.

23. Although Defendants were familiar with destructive floods that had struck the area repeatedly over the years, [1] the Defendants failed to develop and implement appropriate and safe evacuation plans in the event of a flood.

24. On July 3 and July 4, 2025, torrential rains pummeled the camp and surrounding areas. The deluge caused the Guadalupe River to rise, as was foreseeable to Camp Mystic's

---

[1] In July of 1932, rains swept away six Camp Mystic cabins and damaged the dining hall and other buildings due to floods; In August of 1978, flooding forced the camp to suspend activities for several days; In 1984, Willetta Eastland, who was about to give birth, had to be airlifted from the site in an Army helicopter because roads in the area were flooded; After a record storm in July of 1987 which caused massive flooding on the Guadalupe, 10 teenagers attending the Pot O' Gold Christian summer camp in Comfort, Texas drowned trying to escape and other 33 were injured.



Copy from re:SearchTX

owners and operators, devastating the camp, destroying cabins, washing away infrastructure, and claiming the lives of 25 campers and two (2) counselors from Camp Mystic, including Mary Kate Jacobe.

25. Intervenors submitted an application for Mary Kate to attend Camp Mystic for the summer of 2025. The application included a preference of "ranked choice" on which dates and which branch of Camp Mystic their daughter wished to attend. Mary Kate was initially placed at 6th Term in the Cypress Lake branch of Camp Mystic. Later, Intervenors were informed by Defendants that a spot was available for 2nd term at the Guadalupe branch of Camp Mystic. Ultimately, Intervenors agreed to send Mary Kate to 2nd term at the Guadalupe branch.

26. Mary Kate attended the 2nd term session, arriving at Camp Mystic on Sunday, June 29, 2025. At Camp Mystic, the girls are distributed according to age across 23 cabins in two areas. The cabins housing some of the camp's youngest girls, including Mary Kate, were referred to as "The Flats" because they were on low-lying, flat land near the Guadalupe River and vulnerable to flash flooding.

27. If Defendants were paying adequate attention to the development of potential flooding, a danger that they knew or should have known to be life threatening, they could have evacuated young campers like Mary Kate to safety. Instead, Defendants failed to take appropriate precautions, ignoring the following warnings:

- **Wednesday, July 2 @ 5:47 p.m.:** Texas Division of Emergency Management (TDEM) announced the agency activated state emergency response resources in anticipation of flooding in West and Central Texas.



Copy from re:SearchTX

- **Morning of Thursday, July 3:** National Water Center issued Flood Hazard Outlook, identifying flash flood potential for Kerrville and surrounding areas, according to the Department of Homeland Security.
- **Thursday, July 3 approximately 1:18 p.m.:** a flood watch was issued for Kerr County.
- **Thursday, July 3 @ 6:22 p.m.:** National Water Center warns of considerable flooding risks north and west of San Antonio, including Kerrville, according to the Department of Homeland Security.
- **Thursday, July 3 approximately 8:12 p.m**.: the flood watch was extended.
- **Friday, July 4, 2025 @ 1:14 a.m**.: flash flood warning with "considerable" tag was issued for Bandera and Kerr Counties, warning of "life threatening flash flooding," triggering wireless emergency alters and NOAA weather radio notifications, according to the Department of Homeland Security.

28. On information and belief, Defendants individually received advanced warnings about the extensive flooding, as well as warnings from others by text messages, phone application messaging services (such as WhatsApp) and/or cell phone alerts, that extensive flooding was occurring and substantial water was coming down river. Defendants received these warnings on their respective cell phones yet, failed to heed these warnings. Defendants' failure to heed these warnings sent to their respective cell phones was a proximate cause of the incident and Mary Kate Jacobe's fatal injuries.

29. The camp's facilities, including cabins built many decades ago, were not designed to withstand extreme flooding and despite awareness of the risk of flooding, including catastrophic flooding, Defendants never updated the cabins, ensured campers had easy ways to escape from rising flood waters, or that each cabin had multiple exits.

30. Defendants waited until approximately 2:30 a.m. on the morning of July 4, 2025, to start evacuating cabins closest to the river even though they received the flash flood warning at 1:14 a.m. Defendants official policy during a flood was for all campers and



Copy from re:SearchTX

counselors to stay in their cabins. But on the morning of July 4, Defendants concocted an ad hoc emergency plan (if it can be called that) to evacuate some cabins along the flats, one at a time, by car and take campers to the Rec Hall. And even while they evacuated some cabins, the camp directors including Dick Eastland and Edward Eastland, told counselors and campers in other cabins to "shelter in place" in their cabins despite the fact that they had actual knowledge that the river was rising rapidly and had started to flood cabins nearest the river, such as Bug House. Camp Mystic's directors failed to evacuate campers or tell counselors to evacuate campers to higher ground even though they had knowledge of their impending peril and doom.

31. Defendants began evacuating cabins, one at a time, starting with Bug House nearest the river. Defendants ordered other cabins and their counselors, including Twins I where Mary Kate was assigned, to stay in place. This was despite the fact that Twins I is located less than 100 yards away from the Rec Hall where the evacuated campers were congregating and ultimately survived. These young campers in Twins I could have easily walked to safety, before substantial flooding occurred, if the Defendants had acted as reasonably prudent camp owners and operators.

32. Inside the camp, with water rising rapidly, especially in the flats where most of the younger campers were sleeping, many of the teenage counselors in charge of the campers were left to make instant life-or-death decisions on their own, having no contact with adult supervisors. Over the course of approximately one hour, Defendants only managed to



Copy from re:SearchTX

evacuate five cabins on the flats using their ill-advised, improvised, and woefully inadequate evacuation plan.

33. As the flood waters rose, the youngest campers in Twins I, II, and Bubble Inn were trapped in their cabins due to the orders, actions, and inactions of Defendants. As the flood waters kept rising inside the cabins, the girls in Twins I first got onto the top bunks. Then some made desperate escapes—swimming through the door or windows of the cabin. Others were rushed out by swirling flood waters. Some girls never made it out of the cabin and drowned there. Ultimately, eleven girls from Twins I and II drowned, including Mary Kate Jacobe.

34. Defendants, singularly and/or in combination, failed to take reasonable precautions to ensure the safety of all campers and counselors. This tragedy was entirely preventable by Defendants. Instead, Defendants caused the senseless death of 27 young girls, including Mary Kate Jacobe.

## CAUSES OF ACTION

### A. NEGLIGENCE

35. Mary Kate Jacobe's death was the result of Defendants' negligence. Defendants owed a legal duty to Mary Kate Jacobe, to exercise ordinary care in its ownership, possession, management, control and use of the camp premises. Chris Jacobe and Samantha Jordan entrusted the care of their daughter, Mary Kate, to Defendants. Defendants owed a duty of reasonable care to protect campers like Mary Kate. Defendants failed to reduce or eliminate the risk of harm created by the conditions of their



Copy from re:SearchTX

premises and failed to keep campers safe. Defendants singularly and/or in combination failed to heed the severity of the flash flood warnings and emergency alerts that were issued beginning on July 2, 2025.

36. Defendants acting through their agents, servants, and employees, failed to use that degree of care which a reasonable person of ordinary prudence would have used under the same or similar circumstances in the following particulars:

a. Failing to establish proper storm and flood monitoring policies and procedures:
b. Failing to provide proper equipment and training for their employees, counselors, staff and/or agents to monitor the potential for catastrophic flooding;
c. Failing to establish proper emergency response policies and procedures;
d. Failing to establish proper evacuation policies and procedures;
e. Failing to train employees/counselors of emergency evacuation plans;
f. Failing to properly supervise employees/agents/counselors regarding emergency evacuations;
g. Failing to warn the campers and counselors of the risk of flooding and/or of the actual flooding that occurred;
h. Failing to properly, safely, and timely begin evacuations;
i. Failing to remove campers/counselors from structures not designed to withstand flooding conditions;
j. Failing to have an emergency plan that accounted for communication breakdowns;
k. Failing to provide lifesaving equipment.
l. Placing the youngest campers in cabins that flood first and are the most dangerous;
m. Allowing the camp to operate and expand in a known flood risk area;
n. Failing to correct the unreasonably dangerous conditions prior to July 4, 2025;
o. Failing to follow industry standards, rules, and regulations for camps, including risk management, emergency evacuations, and lifesaving procedures;
p. Any violations of applicable local, state, and federal laws and/or regulations; and



Copy from re:SearchTX

q. Other negligent acts or omissions identified throughout the course of this lawsuit.

37. The above acts, errors, and omissions of Defendants, and those of their agents, servants, and employees constituted negligence. At all relevant times, Defendants' agents, servants, and employees were acting in the course and scope of their employment with Defendants. Defendants' breaches proximately caused injury and death to Mary Kate Jacobe. Because of this, Intervenors have suffered, and will continue to suffer damages, including mental anguish, pain, suffering and loss of consortium.

38. Defendants failed to exercise reasonable care to eliminate the danger or otherwise protect children such as Mary Kate Jacobe. Defendants had a duty to exercise ordinary care and diligence to provide and maintain a reasonably safe place and to prevent a dangerous condition on their premises, or to exercise ordinary care to correct such a condition after Defendants knew or should have known of the danger.

**GROSS NEGLIGENCE**

39. Defendants acted with flagrant and malicious disregard of Mary Kate Jacobe's health and safety. The acts and omissions of Defendants were committed with complete and reckless disregard for, and with willful, wanton and actual conscious indifference to the rights, safety, and welfare of Mary Kate Jacobe. Such conduct was reckless and/or done intentionally. Defendants were objectively aware of the extreme risks at play, the inadequacies of their evacuation plan, unpreparedness for flash floodings and the unreasonable dangers posed by the conditions of Defendants' premises which caused



Copy from re:SearchTX

Intervenors' injuries and the death of Mary Kate Jacobe. Defendants had actual, subjective awareness of the risk, and consciously disregarded the risk. Defendants are therefore guilty of negligence and gross neglect which was the proximate cause of Mary Kathe Jacobe's death. Accordingly, Intervenors are entitled to and seek exemplary damages.

40. Defendants aforementioned acts of negligence and gross negligence were committed knowingly or intentionally that resulted in serious bodily harm/death to a child, Mary Kate Jacobe.

**B. PREMISES LIABLITY**

41. Defendants owned, occupied, possessed, and/or controlled the premises where Mary Kate Jacobe sustained her fatal injuries. The premises and cabin where Mary Kate stayed (Twins I) posed an unreasonable risk of harm, and Defendants had actual knowledge or should have known of the unreasonably dangerous condition. Specifically, the Twins 1 cabin was situated in an area known to be a substantial flood risk and the cabin itself was unreasonably dangerous as there was only one entry/exit door and there was no easy way to escape the cabin.

42. Mary Kate Jacobe was an invitee who entered Defendants' premises with their knowledge, consent, and their benefit. Defendants had a duty to make these unreasonably dangerous conditions safe or adequately warn of the danger. Defendants breached these duties by failing to make this unreasonably dangerous condition safe and/or failing to warn



Copy from re:SearchTX

Intervenors and Mary Kate Jacobe of the danger. Defendants' breaches proximately caused the death of Mary Kate Jacobe and Intervenors damages.

**WRONGFUL DEATH DAMAGES**

43. This action is brought pursuant to §71.001-71.011 of the Texas Civil Practice and Remedies Code. Christopher Jacobe and Samantha Jordan, as the surviving natural parents of Mary Kate Jacobe, are the statutory beneficiaries who may bring action for the wrongful death of Mary Kate Jacobe, decedent.

44. Christopher Jacobe and Samantha Jordan, as surviving natural parents of the Decedent, under the Texas Wrongful Death Act are entitled to recover damages for:

A. Pecuniary Loss resulting from the death of Mary Kate Jacobe including, but not limited to Decedent's loss of earning capacity, care, services, maintenance, support, services, advice, and counsel.

B. Termination of the parent-daughter relationship. The positive benefits flowing from the love, affection, solace, comfort, companionship, support, and a relationship that Christopher Jacobe and Samantha Jordan as surviving natural parents would, in reasonable probability, have received from Mary Kate Jacobe, had she lived. Thus, Intervenors pray for an award for the past and future loss of companionship and society stemming from the death of their daughter, Mary Kate Jacobe.

C. Past and Future mental anguish suffered by Christopher Jacobe and Samantha Jordan, as natural parents, as a result of the tragic death of Mary Kate Jacobe,



Copy from re:SearchTX

including but not limited to the emotional pain, torment, and suffering experienced from the death of Mary Kate Jacobe.

**SURVIVAL ACTION DAMAGES**

45. Additionally, Intervenor, Christopher Jacobe, as Representative of the Estate of Mary Kate Jacobe, deceased, brings action pursuant to §71.021 of the Texas Civil Practice and Remedies Code. Intervenor, Christopher Jacobe, as Representative of the Estate of Mary Kate Jacobe, may bring action on behalf of the Estate of Mary Kate Jacobe to recover damages sustained by Mary Kate Jacobe prior to her death.

46. The Estate of Mary Kate Jacobe is entitled to recover for:

A. Pre-death physical pain and suffering of Mary Kate Jacobe;

B. Pre-death mental anguish of Mary Kate Jacobe;

C. Funeral and burial expenses of Mary Kate Jacobe, decedent.

47. Intervenors seek damages in excess of $1,000,000.

**JOINT AND SEVERAL LIABILITY**

48. By engaging in the aforementioned conduct, and where applicable under Texas law, all Defendants are jointly and severally liable for Christopher Jacobe and Samantha Jordan's injuries and damages and the death of Mary Kate Jacobe.

**RECOVERY OF INTEREST**

49. Intervenors seek the recovery of pre-judgment interest, if applicable, and post-judgment interest. Intervenors, therefore, request that they recover pre-judgment interest and post-judgment interest as provided by law.



Copy from re:SearchTX

**JURY DEMAND**

50. Intervenors demand a trial by jury.

**CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONDIERED, Intervenors, Christopher Jacobe, Individually and as Representative of the Estate of Mary Kate Jacobe, and Samantha Jordan pray that Defendants, Camp Mystic, LLC, Camp Mystic Family Partnership, LTD., Natural Fountains Properties, Inc., Willetta Eastland, Edward Eastland, Mary Liz Eastland, and the Estate of Richard G. Eastland, be cited to appear and answer this Petition and that upon final hearing, Intervenors recover judgment against Defendants for damages both actual and punitive, together with costs of court, pre-judgment and post-judgment interest, and for all such other and further relief to which Intervenors may be entitled.

Respectfully submitted,

**STEVENSON & MURRAY**

/s/ W. Robert Hand

JOHN W. STEVENSON, JR.
State Bar No. 19196050
W. ROBERT HAND
State Bar No. 24078622
24 Greenway Plaza, Suite 750
Houston, Texas 77046
Telephone: (713) 622-3223
Facsimile: (713) 622-3224
Email: jstevenson@stevensonmurray.com
Email: rhand@stevensonmurray.com

**ATTORNEYS FOR INTERVENORS**



Copy from re:SearchTX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was forwarded to all known counsel of record by electronic case filing on this 16th day of January, 2026.

R. Paul Yetter
Justin P. Tschoepe
J. Reid Simpson
Shannon N. Smith
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002 *E-File*
*ATTORNEYS FOR PLAINTIFFS*

Jeff Ray
Ray Pena McChristian, P.C.
9601 Mcallister Freeway, Suite 901
San Antonio, Texas 78216 *E-File*

Thomas C. Wright
Jessica Z. Barger
Kenneth J. Fair
Wright, Close, Barger & Guzman, LLP
One Riverway, Suite 2200
Houston, Texas 77056 *E-File*
*ATTORNEYS FOR CAMP MYSTIC, LLC &*
*THE ESTATE OF RICHARD ESATLAND*

Mikal Watts
Watts Law Firm LLP
811 Barton Springs Road, #725
Austin, Texas 78704 *E-File*
*ATTORNEYS FOR NATURAL FOUNTAINS PROPERTIES, INC.,*
*WILLETTA EASTLAND, MYSRIC CAMPS FAMILY PARTNERSHIP, LTD., &*
*MYSTIC CAMPS MANAGEMENT, LLC*



Copy from re:SearchTX

Lynn Castagna
Castagna Scott LLP
1120 S. Capital of Texas Highway
Building 2, Suite 300
Austin, Texas 78746
*ATTORNEYS FOR EDWARD EASTLAND &
MARY LIZ EASTLAND*

/s/ W. Robert Hand
**WILLIAM ROBERT HAND**



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laurie Nichols on behalf of William Hand
Bar No. 24078622
lnichols@stevensonmurray.com
Envelope ID: 110302872
Filing Code Description: Pleading (Intervention)
Filing Description: INTERVENORS' ORIGINAL PETITION
Status as of 1/22/2026 3:51 PM CST

Associated Case Party: WARREN BELLOWS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| R. PaulYetter | | pyetter@yettercoleman.com | 1/21/2026 1:39:47 PM | SENT |
| Yetter Coleman | | efile@yettercoleman.com | 1/21/2026 1:39:47 PM | SENT |
| Jane Ray | | jray@yettercoleman.com | 1/21/2026 1:39:47 PM | SENT |
| Justin P.Tschoepe | | jtschoepe@yettercoleman.com | 1/21/2026 1:39:47 PM | SENT |
| J. ReidSimpson | | jrsimpson@yettercoleman.com | 1/21/2026 1:39:47 PM | SENT |
| Shannon Smith | | ssmith@yettercoleman.com | 1/21/2026 1:39:47 PM | SENT |
| Sue Csizmadia | | scsizmadia@yettercoleman.com | 1/21/2026 1:39:47 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John W.Stevenson | | jstevenson@stevensonmurray.com | 1/21/2026 1:39:47 PM | SENT |
| Laurie Nichols | | lnichols@stevensonmurray.com | 1/21/2026 1:39:47 PM | SENT |
| William RobertHand | | rhand@stevensonmurray.com | 1/21/2026 1:39:47 PM | SENT |
| A. Arnold | | arnold@arnoldfreemanlaw.com | 1/21/2026 1:39:47 PM | SENT |
| Abby Heath | | aheath@arnoldfreemanlaw.com | 1/21/2026 1:39:47 PM | SENT |
| Christopher Freeman | | cfreeman@arnoldfreemanlaw.com | 1/21/2026 1:39:47 PM | SENT |

Associated Case Party: CAMP MYSTIC, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeff Ray | | jray@raylaw.com | 1/21/2026 1:39:47 PM | SENT |
| Linda Gonzales | | lgonzales@raylaw.com | 1/21/2026 1:39:47 PM | SENT |

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laurie Nichols on behalf of William Hand
Bar No. 24078622
lnichols@stevensonmurray.com
Envelope ID: 110302872
Filing Code Description: Pleading (Intervention)
Filing Description: INTERVENORS' ORIGINAL PETITION
Status as of 1/22/2026 3:51 PM CST

Associated Case Party: CAMP MYSTIC, LLC

| | | | | |
|---|---|---|---|---|
| Linda Gonzales | | lgonzales@raylaw.com | 1/21/2026 1:39:47 PM | SENT |
| Katherine Estrada | | kestrada@raylaw.com | 1/21/2026 1:39:47 PM | SENT |
| Laura Rua | | lrua@raylaw.com | 1/21/2026 1:39:47 PM | SENT |
| Larry Matthys | | lmatthys@raylaw.com | 1/21/2026 1:39:47 PM | SENT |
| Mikal Watts | | mikal@wattsllp.com | 1/21/2026 1:39:47 PM | SENT |
| Kenneth Fair | | fair@wrightclosebarger.com | 1/21/2026 1:39:47 PM | SENT |
| Tom Wright | | wright@wrightclosebarger.com | 1/21/2026 1:39:47 PM | SENT |
| Jessica Barger | | barger@wrightclosebarger.com | 1/21/2026 1:39:47 PM | SENT |
| Lynn Castagna | | lynn@texasdefense.com | 1/21/2026 1:39:47 PM | SENT |
| Suzanne Goss | | goss@wrightclosebarger.com | 1/21/2026 1:39:47 PM | SENT |

Copy from re:SearchTX